UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PAUL D. GIBBS,

      Petitioner,                                     Case No. 1:16-cv-570

v.

                                                HON. ROBERT HOLMES BELL

WILLIE SMITH,

      Respondent.
_____/

**MEMORANDUM OPINION AND ORDER**
**APPROVING AND ADOPTING REPORT AND RECOMMENDATION**

On July 12, 2016, Magistrate Judge Ray Kent issued a Report and Recommendation ("R&R") recommending that the Court deny the petition for habeas corpus brought pursuant to 28 U.S.C. § 2254 because it is barred by the statute of limitations. (R&R, ECF No. 8.) Petitioner has filed two sets of objections to the R&R.[1] (ECF Nos. 9, 12.)

This Court is required to make a *de novo* review of those portions of a R&R to which specific objections are made, and may accept, reject, or modify any or all of the Magistrate Judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

The R&R concludes that the petition is not timely. Pertinent to this memorandum opinion and order, the statute of limitations required the petition to be filed within a year from when the judgment of conviction became final, 28 U.S.C. § 2254(d)(1)(A), or within a year from "the date on which the factual predicate of the claim . . . presented could have

---

[1] The Court will refer to the second set as supplemental objections.

been discovered through the exercise of due diligence," *id.* at § 2244(d)(1)(D). The statute of limitations under § 2244(d)(1)(A) expired as early as July 9, 2010, a year after Petitioner's judgment of conviction became final. (R&R 9.)

According to the R&R, the statute of limitations under § 2244(d)(1)(D) expired no later than 2013, a year after Petitioner allegedly discovered new evidence in support of his claim. (R&R 18, referring to evidence discovered in 2010 and 2012.)[2] Petitioner did not file this action until May 2016. Consequently, construing his pleadings generously, his application is more than two years late.

**Equitable Tolling**

Petitioner is entitled to equitable tolling if he can show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Petitioner does not provide sufficient reason for the substantial delay in filing his motion. In his objections, Petitioner principally relies on the fact that he did not receive a weather report and a copy of the DNA report from his trial until recently. As this evidence is not new, its receipt does not trigger a new limitations period, and does not justify the delay in filing his petition. Moreover, the Court agrees with the analysis in the R&R that Petitioner's allegations of a mental condition, confinement in a mental

---

[2]Petitioner contends that he obtained evidence of weather conditions in 2014 and a copy of his DNA file in February 2015, but the magistrate correctly determined that the DNA file and weather report are not "new" for purposes of the statute of limitations in § 2244(d)(1)(D).

facility, and asserted ignorance of the law are unsupported or do not qualify for equitable tolling.

**Actual Innocence**

Petitioner also asserts that he qualifies for the "actual innocence" exception to the statute of limitations, ostensibly relying upon the same evidence mentioned above. To support a claim of actual innocence, Petitioner must provide new evidence demonstrating that, in light of all the evidence presented, it is more likely than not that no reasonable juror would have convicted him. *Schlup v. Delo*, 513 U.S. 298, 327 (1995). The evidence must be "new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness account, or critical physical evidence–that was not presented at trial." *Id.* at 324. Furthermore, actual innocence means "factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998). Because actual innocence provides an exception to the statute of limitations rather than a basis for equitable tolling, a petitioner who can make a showing of actual innocence need not demonstrate reasonable diligence in bringing his claim, though a court may consider the timing of the claim in determining the credibility of the new evidence. *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1936 (2013).

The R&R correctly determined that the DNA report and evidence of the weather are not "new." Moreover, the foregoing evidence does not provide strong support for Petitioner's innocence. At best, the weather report suggests that it might not have been unusual for Petitioner to have been wearing a coat and gloves when he returned to the victim's apartment; however, his state of dress was somewhat tangential to his guilt or innocence. Likewise, the DNA report indicates that Petitioner could not be excluded as a donor to a

3

sample from one part of the alleged murder weapon.[3] (*See* Ex. to Supplemental Objs., ECF No. 12-2, PageID.211-12.) But this finding does not weigh strongly in favor of Petitioner's innocence, particularly in light of other incriminating evidence presented at trial, *e.g.*: the paint chips from Petitioner's truck that were found on the blanket covering the victim's body; testimony from two inmates that Petitioner admitted to killing the victim; testimony from another individual that Petitioner was aware of the victim's death before the police discovered her body; security-camera footage of Petitioner walking to the victim's apartment on the morning she was killed; and testimony that Petitioner returned to the victim's apartment shortly after her disappearance and promised to pick her up from the residence of an unknown friend but then left the state and did not return. *See People v. Gibbs*, No. 274003, slip op. at 3-6 (Mich. Ct. App. Sept. 9, 2008) (summarizing evidence).

Petitioner also contends that statements by a witness changed or were mischaracterized by the prosecution at trial. According to Petitioner, the victim's daughter, who was seven years old at the time of her mother's death, initially told the police that she saw Petitioner pick up the victim and carry her to a white car in the parking lot. (Supplemental Objs., ECF No. 12, PageID.146-47.) At trial, the prosecutor read the daughter's testimony from the preliminary examination, in which she stated that she saw Petitioner pick up her mother and walk away from the apartment. (Ex. to Supplemental Objs., ECF No. 12-1,

---

[3]Petitioner focuses on the fact that an expert incorrectly testified that Petitioner's DNA type at one particular locus is "7,9.3" and the victim's DNA type at that locus is "6" (Ex. to Supplemental Objs., ECF No. 12-2, PageID.218), whereas the reverse is true. (*See* DNA report, ECF No. 12-2, PageID.201-02). But the DNA report indicates that both DNA types were found on the murder weapon. (*See* DNA report, PageID.201.)

PageID.172.) At the time of trial, however, the victim's daughter could not recall these details, but she did affirm that she saw Petitioner and the victim walking to the car. (*Id.* at PageID.173.) According to Petitioner, the prosecutor improperly represented to the jury that the victim's daughter saw Petitioner pick up the victim from *inside* the apartment, whereas Petitioner claims that the victim's daughter only testified that she saw a man *outside* walking with the victim, and assumed that this man was Petitioner. This inconsistency is not new evidence. It was apparent at the time of trial.

Finally, Petitioner refers to video footage and a store receipt purporting to establish that he was at a Meijer store around the time that the victim's daughter claimed to have seen Petitioner leaving the apartment. The store receipt, dated July 14, 2014 (*Id.* at PageID.181) is not new. Indeed, evidence of Petitioner's presence at Meijer was mentioned at trial. (*Id.* at PageID.197.) Neither is the video evidence, as it, too, was discussed at trial. (*Id.* at PageID.177.) Thus, Petitioner has failed to provide the requisite new evidence of innocence to avoid the statute of limitations.[4] Consequently, his objections to the R&R will be overruled.

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a

---

[4] In his objections, Petitioner initially stated that he needed more time to file exhibits in support of his objections. (Objs., ECF No. 9, PageID.102.) He subsequently withdrew his request for more time when filing the supplement to his objections. (*See* ECF No. 11.) In his supplement, he suggests that there is other evidence unavailable to him which is part of the file that he submitted to the state court. (Supplemental Objs., ECF No. 12, PageID.159.) He does not explain what this evidence might be or indicate how it would demonstrate actual innocence, which is his burden to prove.

"substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court has already determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Comm'r of Corr. of New York*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "A petitioner satisfies this standard by

6

demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

The Court finds that reasonable jurists would not conclude that this Court's dismissal of the petition as barred by the statute of limitations as debatable or wrong. Therefore, the Court will deny Petitioner a certificate of appealability.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's objections (ECF Nos. 9, 12) are **OVERRULED**.

**IT IS FURTHER ORDERED** that the Report and Recommendation (ECF No. 8) is **APPROVED** and **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that the petition under § 2254 (ECF No. 1) is **DENIED**.

**IT IS FURTHER ORDERED** that the motion for leave to file excess pages and for extension of time to file further objections (ECF No. 10) is **GRANTED IN PART** and **DENIED IN PART**. It is granted insofar as Petitioner's objections exceed any page limits. It is denied insofar as Petitioner seeks additional time.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.


Dated: <u>August 9, 2016</u>              /s/ Robert Holmes Bell
                                          ROBERT HOLMES BELL
                                          UNITED STATES DISTRICT JUDGE